**RDL, INC.,/CIDA, INC., dba PACIFIC DESIGN BUILD COLLABORATIVE, Plaintiffs,**

**v.**

**AMERICAN SAMOA COMMUNITY COLLEGE, Defendant.**

High Court of American Samoa
Trial Division

CA No. 113-01

April 15, 2002

---

Before KRUSE, Chief Justice, LOGOAI, Chief Associate Judge, and ATIULAGI Associate Judge.

Counsel :     For Plaintiffs, Charles V. Ala`ilima and Marie A.
              Lafaele
              For Defendant, Paul F. Miller

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

In part, this case involves alleged breach of contract on the part of defendant for failure to make a payment to plaintiff. Defendant's response is that plaintiff first breached the contract thus freeing defendant of the obligation to make the payment in question. Defendant filed for partial summary judgment concerning this payment, alleging that there is no issue as to any material fact as to whether plaintiff breached first, further arguing that judgment should be given in favor of defendant.

### Standard of Review

In a motion for summary judgment the Court must assume the truth of the evidence presented by the non-moving party and draw from the evidence the inferences most favorable to the non-moving party. *Plaza Department Store, Inc. v. Duchnak*, 26 A.S.R. 2d 82, 83 (Trial Div. 1994); *Lokan v. Lokan*, 6 A.S.R. 2d 44 (Trial Div. 1987); *D. Gokal & Co., Ltd. v. Daily Shoppers Inc., et al.*, 13 A.S.R. 2d 11, 12 (Trial Div. 1989). Summary judgment is only appropriate when no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Plaza Dep't Store* at 83; T.C.R.C.P. 56(c).

### Discussion

Defendant's motion makes four allegations of breach of contract on the part of plaintiff. The allegations include: a failure by plaintiff to obtain a general contractors license; a failure by plaintiff to obtain a performance bond; and a failure by plaintiff to maintain construction plans on the job site. Defendant claims a contractual right to withhold any payments due as a result of plaintiff's alleged breaches. The contract itself outlines the basis for withholding payments, including a notice requirement giving parties an opportunity to correct alleged deficiencies.

■ Before delving into the four alleged breaches, we first note that there is a factual dispute as to whether defendant gave plaintiff sufficient notice of its intent to withhold payment, in this case what has been referred to as "Payment #4." Defendant claims that notice was sent by facsimile to plaintiff at the end of August, 2001, while plaintiff denies receiving such notice. Plaintiff does admit to receiving notice of the three alleged deficiencies in early August, but plaintiff also puts forth evidence that a good faith effort was made to correct the deficiencies well before defendant's alleged notice of withholding payment date. The exact meaning of this earlier notice remains in dispute. As the contract requires notice before a party can withhold payment for deficiencies, and there is a factual dispute as to whether this notice was given, this court cannot grant partial summary judgment to the defendant as to the legitimacy of its withholding Payment #4.

As to the specific allegations of deficiencies constituting breach, the plaintiff has introduced evidence that indicates factual dispute in each case. Plaintiff flatly disagrees with defendant's allegation that construction plans were not maintained on the job site. Plaintiff has presented evidence that a general contractor's license was posted at the job site before defendant's alleged notice of intent to withhold payment. Finally, plaintiff points to the contract itself in response to the alleged deficiency of failing to obtain bonding, obtaining a personal surety, as plaintiff has presented evidence that it has done, is described in the contract as an alternative to bonding. Plaintiff also argues that negotiations between the parties had been taking place to find a mutually beneficial alternative to bonding.

■ Whether the weight of the evidence eventually supports plaintiff's positions on these issues is one thing. What matters for the time being is that plaintiff can point to some evidence to support its positions. As noted, the legal standard for summary judgment requires the court to consider the evidence in the light most favorable to the non-moving party. We find that there are genuine issues as to material facts and conclude therefore that the defendant is not entitled to judgment as a matter of law.

## Order

The motion is denied.

It is so ordered.